Michael Jacques, Esq.
JACQUES LAW OFFICE, PC
2021 Cleveland Blvd.
Caldwell, ID  83605
(Phone) 208.344.2224
(Fax) 208.287.4300
michael@jacqueslaw.net

Paul A. Rossi, Esq.
*Pro Hac Vice* Admission Pending
IMPG ADVOCATES
316 Hill Street
Suite 1020
Mountville, PA  17554
717.961.8978
Paul-Rossi@comcast.net

*Legal Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| **TEAM KENNEDY,** | : |
| | : **CIVIL ACTION NO.**_____ |
| **Plaintiff,** | : |
| | : **COMPLAINT** |
| **vs.** | : |
| | : |
| **PHIL MCGRANE, in his official capacity** | : |
| **as the Idaho Secretary of State,** | : |
| | : |
| **Defendant.** | : |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Team Kennedy (hereinafter "Plaintiff," or "Team Kennedy," or

"Kennedy Campaign") by and through undersigned legal counsel, brings this

action against Defendant Phil McGrane, in his official capacity as the Idaho

Secretary of State (hereinafter "Defendant," or "Secretary McGrane") seeking

prospective equitable relief in the form of an emergency preliminary injunction and

permanent declaratory and injunctive relief with respect to the unconstitutional

enforcement of: (1) the early deadline for independent presidential candidates to

file their ballot access documents to secure position on Idaho's 2024 general

election ballot; (2) the requirement to name a vice-presidential candidate as a

condition precedent to being able to secure the required number of signatures on

ballot access petitions sufficient to demonstrate the required modicum of support to

secure access to Idaho's 2024 presidential general election ballot; and (3) the

requirement of petition circulators to certify they are a resident of the state of Idaho

made part of the Idaho independent nomination petition by Defendant in

contravention of an Order of this Court and state law.  In support thereof, Plaintiff

alleges as follows:

## I.   <u>INTRODUCTION</u>

1.     Idaho continues to impose ballot access restrictions on independent

presidential candidates which have long been held unconstitutional by the United

States Supreme Court and/or lower federal courts, including this Honorable Court.

2.     Idaho now imposes a deadline of March 15th for independent

presidential candidates to file a declaration of candidacy and 1,000 valid petition

signatures with Defendant to secure access to the 2024 presidential general election ballot.

3.     In *Anderson v. Celebrezze*, 460 U.S. 780 (1983), the United States Supreme Court held that an identical March 15th deadline then imposed on independent presidential candidates to file their petition signatures in Ohio was unconstitutional as too early of a deadline impairing rights guaranteed to candidates and Ohio voters under the First and Fourteenth Amendments to the United States Constitution.

4.     Idaho also now requires independent presidential candidates (and only independent presidential candidates) to name their vice-presidential nominee as a condition precedent to being able to collect any petition signatures to demonstrate that the independent presidential candidate has sufficient support to warrant access to Idaho's 2024 general election ballot.

5.     Idaho requires independent presidential candidates to name their vice-presidential candidate over 5 months before political parties are required to name their vice-presidential candidates – a discriminatory classification with no rational purpose.

6.     Further, Idaho also fails to provide any mechanism to replace an independent vice-presidential nominee – a process expressly provided under statute for political party vice-presidential nominees.

7.      In *Anderson v. Firestone*, 499 F.Supp. 1027 (N.D. Fla. 1980), a Florida law requiring independent presidential candidates to name their vice-presidential candidates before launching their petition drives, far in advance of the requirement imposed on political party presidential candidates, was held unconstitutional as a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

8.      The "Certification" petition circulators must execute as a condition precedent to filing Idaho's 2024 "United States President and Vice President Independent Candidate – Petition for Candidacy" (attached hereto as Exhibit A) (hereinafter referred to as the "2024 Petition"), in which Defendant imposes the requirement that petition circulators certify, in the presence of a notary public and subject to the penalty of perjury, "[t]hat I am a resident of the State of Idaho…."

9.      This Court expressly, and clearly, ruled in *Daien v. Ysursa*, 711 F.Supp.2d 1215 (D. Idaho 2010), that Idaho's residency requirement for petition circulators was unconstitutional.

10.     Further, the Certification is in direct violation of §34-708A(3) of the Idaho Code.

11.     Accordingly, Defendant must be enjoined from requiring Plaintiff's petition circulators from executing the "Certification" contained on the 2024 Petition.

12. Plaintiff is entitled to the requested emergency preliminary injunction against the unconstitutional statutes challenged in this action.

13. Thereafter, Plaintiff is entitled to permanent relief after a trial on the merits of this case.

## II.    JURISDICTION

14. Jurisdiction lies in this Court under 28 U.S.C. §1331, providing that district courts shall have original jurisdiction over all actions arising under the Constitution of the United States.  Moreover, jurisdiction lies under 42 U.S.C. §§1983, 1988 and 28 U.S.C. §1343(a), the jurisdictional counterpart of 42 U.S.C. §1983, as Plaintiff alleges violation of rights guaranteed under the First and Fourteenth Amendments to the United States Constitution.

## III.    VENUE

15. Venue is proper in the United States District Court for the District of Idaho under 28 U.S.C. §1391 as Defendant exercises his authority exclusively within this district and maintains his office within this district and all the operative acts and/or omissions have or will occur within this district.

16. Furthermore, Defendant's conduct is in violation of an Order of this Court issued in *Daien v. Ysura*, 711 F.Supp.2d 1215, 1238 (D. Idaho, 2010).

17. Local venue is proper as Defendant's principal place of business is within the Southern Division.

## IV.    PARTIES

18.    Team Kennedy is the principal campaign committee to elect Robert F.

Kennedy Jr., to the Office of President of the United States at the 2024 general

election.  Team Kennedy is a registered campaign committee with the Federal

Elections Commission.  Team Kennedy filed FEC Form 1, Statement of

Organization on April 5, 2023.  Team Kennedy's FEC Committee I.D. Number is

C00836916.  In order for Robert F. Kennedy Jr., to be placed on the 2024 Idaho

general election for the office of President of the United States, Team Kennedy

must collect and file 1,000 valid petition signatures and a declaration of candidacy

with Defendant no later than March 15, 2024.  Before Plaintiff Team Kennedy may

begin the process of collecting the 1,000 required petition signatures, a vice

presidential candidate must first be named and printed on the 2024 Petition.

Robert F. Kennedy Jr., has not selected a vice-presidential candidate – neither have

any of the candidates currently seeking the nomination of the Republican and

Democratic parties, but who are permitted to appear on Idaho's 2024 primary

election ballot, and are not required to name their vice-presidential candidates until

September 1, 2024.  Team Kennedy intends to use volunteer petition circulators to

collect the required 1,000 valid signatures necessary to secure access to the 2024

Idaho general election ballot.  Team Kennedy has circulators who do not currently

reside with the state of Idaho.  The address for Team Kennedy is: 124 Washington Street, STE 101, Foxborough, MA  02035.

19.     Defendant is Phil McGrane, the Idaho Secretary of State.  Defendant is made a party to this action in his official capacity as the Idaho Secretary of State. Defendant is the principal election official for the state of Idaho.  Plaintiff is required to file all documents to secure ballot access for the 2024 general election with Defendant. Defendant is charged with enforcing the statutory provisions challenged in this action.  Defendant's principal place of business with respect to Elections and Administration is: 700 West Jefferson Street, Room E205, Boise, ID 83702.

## V.     RELEVANT FACTS

20.     Plaintiff incorporates, as if fully set forth herein, all alleged facts stated above.

21.     As the campaign committee for Robert F. Kennedy Jr.'s 2024 drive to be elected as the 48th President of the United States, Plaintiff is in charge and has been actively working to secure ballot access in all fifty (50) states in order to secure the 270 electoral votes required to wrest control from the corrupt duopoly of the two political parties and become the next President of the United States.

22.     Idaho is allocated four (4) electoral college votes in the 2024 general presidential election.

23.     Idaho imposes an exotic battery of restrictions on ballot access for independent presidential candidates which have been held unconstitutional and are clearly designed to impose additional hurdles in excess of Idaho's authority to merely require independent presidential candidates to demonstrate a modicum of support within Idaho, through the collection of signatures on the 2024 Petition, sufficient to secure a line on Idaho's 2024 general election ballot for the Office of President of the United States.

24.     Idaho Code Section 34-708A provides:

> (1) Persons who desire to be independent candidates for the offices of president and vice president, must file declarations of candidacy as independent candidates during the period set forth in section 34-704, Idaho Code. Such declarations must state that such persons are offering themselves as independent candidates and must declare that they have no political party affiliation. The declarations shall have attached thereto a petition signed by one thousand (1,000) qualified electors.

> (2)  The candidates for president and vice president shall be considered as candidates for one (1) office, and only one (1) such petition need be filed for both offices.

> (3)  Signatures on the petitions required in this section shall be verified in the manner prescribed in section 34-1807, Idaho Code, on a form similar to that used for recall petitions under chapter 17, title 34, Idaho Code, as prescribed by the secretary of state; except that the petition circulators are not required to be Idaho residents.

25.     Section 34-704 of the Idaho Code, in turn, provides, in relevant part:

(1)  Any person legally qualified to hold such office is entitled to become a candidate and file his declaration of candidacy.  Each political party candidate for precinct, state, district or county office shall file his declaration of candidacy in the proper office between 8:00 a.m. on the twelfth Monday preceding the primary election and 5:00 p.m. on the tenth Friday preceding the primary election.

…

(3)  Independent candidates shall file their declaration of candidacy in the manner provided in section 34-708, Idaho Code.

26.     The Primary Election is set for May 21, 2024.  §§ 34-102, 34-601, 34-211, 34-1101, Idaho Code.

27.     Accordingly, Plaintiff must file the declaration of candidacy for Robert F. Kennedy Jr., and a vice-presidential candidate and petitions containing 1,000 valid petition signatures no later than Friday, March 15, 2024.

28.     Conversely, the state chairman of each political party shall certify the names of the presidential and vice-presidential candidates and presidential electors to Defendant on or before September 1, 2024.  §34-711, Idaho Code.

29.     The 2024 Petition promulgated by Defendant, required to be used by Plaintiff, to collect signatures to secure ballot access for the 2024 general election for president, requires that the names of both Robert F. Kennedy Jr., and a vice-presidential nominee be printed on the 2024 Petition before circulation.

30.    Substitution for political party vice-presidential vacancies may be filled by political party chairmen.

31.    However, Idaho provides no statutory avenue for substitution of independent vice-presidential nominees.  *See*, *Anderson v. Firestone*, 499 F.Supp. 1027 (N.D. Fla. 1980)

32.    Accordingly, Plaintiff must name the vice-presidential nominee, and not a placeholder candidate, on the 2024 Petition and file a declaration of candidacy for Robert F. Kennedy Jr's, actual vice-presidential nominee no later than March 15, 2024, when political party vice-presidential nominees need only be named no later than September 1, 2024.

33.    The inability to collect petition signatures until a vice-presidential nominee is named by an independent presidential candidate severely shortens both the deliberative and political process afforded to political party presidential candidates to select their vice-presidential nominee with the care properly afforded to that office, all to the great detriment of independent presidential candidates.

34.    The inability to collect petition signatures until an independent presidential candidate names his or her vice-presidential candidate shortens the number of days permitted by statute for an independent candidate to collect the required number of valid petition signatures necessary to secure ballot access.

35.    Defendant, and the state of Idaho, has no legitimate interest in requiring an independent presidential candidate to name their vice-presidential candidate to Defendant before the date required for political party chairs to name their vice-presidential candidates to Defendant.

36.    The collection of signatures to demonstrate the constitutionally permitted modicum of support before a state is required to place the name of an independent or minor political party presidential candidate on the general election ballot has nothing to do with the person named by the independent or minor political party as their nominees for the Office of Vice President.

37.    The requirement for independent and minor political parties to name their vice-presidential candidates so early in the process is a naked effort to impose additional barriers to prevent the ability of independent and minor political party presidential candidates to secure ballot access.

38.    The bare fact that Defendant has titled the 2024 Petition as a "United States President and Vice President Independent Candidate – Petition for Candidacy" does not justify the unconstitutional requirement to subject an independent presidential candidate's nominee for vice president to a petition process and not the vice-presidential nominees of political parties to a petition process.

39.     Defendant must be enjoined from requiring the use of the 2024 Petition in its current format and name (and all subsequent independent presidential nomination petitions) to reflect the state's limited constitutional authority to require presidential candidates to demonstrate a modicum of support in the state and not their vice presidential nominee – the naming of whom is the exclusive province of the candidate, and a decision either ratified or rejected by the voters at the general election and not during political gravy for the petition process.

40.     The requirement to name a vice-presidential nominee before an independent presidential candidate may circulate a petition to collect signatures necessary to secure ballot access imposes a severe burden on speech protected under the First and Fourteenth Amendments to the United States Constitution because it prevents and shortens the time period available to engage in core political speech – a burden on speech not narrowly tailored to advance a compelling, or any legitimate, governmental interest.

41.     The requirement to name a vice-presidential nominee before an independent presidential candidate may circulate the 2024 Petition imposes a clear burden on core political speech protected under the First and Fourteenth Amendments to the United States Constitution greater than any interest in support of a legitimate state interest.

42.     The requirement to name a vice-presidential nominee, no later than March 15, 2024, when political party chairs are permitted to name their vice-presidential nominees until September 1, 2024, is a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

43.     Defendant has no legitimate need to know the name of an independent presidential candidate's vice-presidential nominee any sooner than the name of a vice-presidential nominee of political party presidential candidates.  Therefore, there is no rational basis for the challenged requirement for independent vice-presidential candidates to file a declaration of candidacy sooner than the date set for political party vice-presidential nominees to file with Defendant.

44.     The requirement for independent presidential candidates to name their vice-presidential nominee before political party presidential candidates name their vice-presidential nominees is a severe burden in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because the restriction imposes a complete bar to Plaintiff's constitutional (and statutory) right to free expression and to engage voters in core political speech unless and until the restriction is satisfied.

45.     Any delay in the right to exercise a fundamental constitutional right imposes a severe and irreparable burden on the protected right.

46.     The deadline imposed under §34-708A(1) of the Idaho Code to file a declaration of candidacy and petition demonstrating 1,000 valid signatures of registered voters is unconstitutionally early as established by the United States Supreme Court in *Anderson v. Celebrezze*, 460 U.S. 780 (1983).

47.     The United States Supreme Court ruled in *Anderson* that Ohio's March 15th deadline was too early and unconstitutional under the First and Fourteenth Amendments to the United States Constitution.

48.     The Supreme Court's decision in *Anderson*, with respect to Idaho's March 15th deadline for independent presidential candidates to file their declaration of candidacy and 2024 Petition, is binding on this Court.

49.     This Court held the requirement for petition circulators to be residents of the state of Idaho was unconstitutional in *Daien v. Ysursa*, 711 F.Supp.2d 1215 (D. Idaho 2010).

50.     Section 34-708A(3) of the Idaho Code expressly excludes petition circulators from the requirement to be a resident of the state of Idaho.

51.     Nevertheless, the 2024 Petition promulgated by Defendant, and required to be used by Plaintiff, contains a "Certification" section which requires petition circulators to verify to a notary public, under penalty of perjury, that they are a resident of the state of Idaho in clear violation of this Court's order in *Daien* and the statutory text of §34-708A(3) of the Idaho Code.

14

52.     Plaintiff intends to use volunteers who both reside within and outside the state of Idaho to collect petition signatures to secure access to Idaho's 2024 general election ballot.

53.     It is a matter of public record that a bi-partisan group of Republican and Democrat political elites, funded with $100,000,000, intend to challenge Plaintiff's petitions and ballot access in states across the nation to prevent voters from casting their votes for Robert F. Kennedy Jr., in the 2024 general election.

54.     The plain text of the "Certification" which Defendant has included on the 2024 Petition, requiring petition circulators to be a resident of the state of Idaho, provides a basis, which Plaintiff should not have to face, for a frivolous challenge, but costly defense, to Plaintiff's 2024 Petition – this is precisely the kind of restriction designed to invite a costly challenge to Plaintiff's 2024 Petition.

55.     Plaintiff requests emergency preliminary injunctive relief as well as permanent declaratory and injunctive relief.

56.     Plaintiff has no adequate remedy at law for the unconstitutional statutory provisions challenged in this action.

57.     At all relevant times, Defendant is a state actor, as that term relates to 42 U.S.C. §1983.

## VI.   **CAUSES OF ACTION**

### **COUNT I**
(First Amendment – Unconstitutionally Early Deadline to File Independent
Presidential Candidate Documents)

58.    Plaintiff realleges and asserts all foregoing paragraphs as if fully set
forth herein.

59.    An early deadline for an independent presidential candidate to file
nomination documents to secure ballot access impairs rights protected under the
First and Fourteenth Amendments to the United States Constitution of the United
States.

60.    Section 34-708A(1) of the Idaho Code requires independent
presidential candidates to file their ballot access documents no later than March 15,
2024.

61.    The United States Supreme Court has established that a March 15th
deadline impairs rights guaranteed under the First and Fourteenth Amendments to
the United States Constitution.

62.    Accordingly, Section 34-708A(1) of the Idaho Code impairs rights
guaranteed to Plaintiff under the First and Fourteenth Amendments to the United
States Constitution for which Plaintiff demands the relief requested in this action.

## COUNT II

(First Amendment – Residency Requirement for Petition Circulators)

63.     Plaintiff realleges and asserts all foregoing paragraphs as if fully set forth herein.

64.     This Court has already determined that residency requirements for petition circulators impose a severe burden on rights guaranteed under the First and Fourteenth Amendments to the United States Constitution.

65.     Residency requirements imposed on petition circulators are not narrowly tailored to advance a compelling governmental interest.

66.     Section 34-708A(3) of the Idaho Code, expressly prohibits the imposition of a residency requirement on petition circulators.

67.     Defendant's requirement for petition circulators to execute the "Certification" which require them to certify they are residents of the state of Idaho is both unconstitutional and contrary to Idaho law.

68.     Accordingly, the "Certification" to the extent it requires petition circulators to certify they are residents of the state of Idaho, is both unconstitutional and contrary to Idaho law for which Plaintiff demands the relief requested in this action.

## COUNT III
(Equal Protection Clause of the Fourteenth Amendment – Requirement for
Independent Presidential Candidates to Name their Vice-Presidential Candidates
Earlier than Political Party Presidential Candidates)

69.     Plaintiff realleges and asserts all foregoing paragraphs as if fully set

forth herein.

70.     The requirement, imposed by §34-708A(1), that independent

presidential candidates must name and file a declaration of candidacy for their

vice-presidential nominee before the date imposed on political party presidential

candidates, and before independent presidential candidates may circulate the 2024

Petition to collect signatures to secure access to Idaho's 2024 general election

ballot imposes a severe burden on rights guaranteed to Plaintiff under the Equal

Protection Clause of the Fourteenth Amendment to the United States Constitution.

71.     The requirement, imposed by §34-708A(1), that independent

presidential candidates must name and file a declaration of candidacy for their

vice-presidential nominee before the date imposed on political party presidential

candidates imposes a distinction between independent and political party

presidential candidates which fails to bear any rational relation to a legitimate state

interest.

72.     Accordingly, §34-708A(1), to the extent it requires that independent

presidential candidates must name and file a declaration of candidacy for their

vice-presidential nominee before the date imposed on political party presidential

candidates, all before they circulate the 2024 Petition, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution for which Plaintiff demands the relief requested in this action.

## COUNT IV

(First and Fourteenth Amendments – Requirement for Independent Presidential Candidates to Name their Vice-Presidential Candidates Before Circulation of 2024 Petition)

73.     Plaintiff realleges and asserts all foregoing paragraphs as if fully set forth herein.

74.     The requirement, imposed by §34-708A(1), that independent presidential candidates must name and file a declaration of candidacy for their vice-presidential nominee before the date imposed on political party presidential candidates, and before independent presidential candidates may circulate the 2024 Petition to collect the required number of signatures to secure access to Idaho's 2024 general election ballot, imposes a severe burden on rights guaranteed to Plaintiff under the First and Fourteenth Amendments to the United States Constitution.

75.     The state of Idaho has no legitimate interest to require independent presidential candidates to name their vice-presidential candidate and file the declaration of candidacy for the vice-presidential candidate such that if fails to justify any burden on the exercise of core political speech protected under the First

and Fourteenth Amendments to the United States Constitution even under the balancing test established in *Anderson v. Celebrezze*.

76.     The requirement, imposed by §34-708A(1), that independent presidential candidates must name and file a declaration of candidacy for their vice-presidential nominee before the date imposed on political party presidential candidates imposes a delay on the ability of Plaintiff to exercise the right to engage in core political speech with the voters of Idaho, thereby reducing the total quantum of speech, in violation of rights guaranteed to Plaintiff under the First and Fourteenth Amendments to the United States Constitution.

77.     Accordingly, §34-708A(1), to the extent it requires that independent presidential candidates must name and file a declaration of candidacy for their vice-presidential nominee before the date imposed on political party presidential candidates – and all before they may circulate the 2024 Petition, violates rights guaranteed to Plaintiff under the First and Fourteenth Amendments to the United States Constitution for which Plaintiff demands the relief requested in this action.

## V.     <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

a.     Enter an ORDER preliminarily enjoining Defendant's enforcement of §34-708A(1)'s March 15, 2024 deadline for independent presidential and vice-

presidential candidates to file their declaration of candidacy and 2024 Petition with Defendant to secure access to Idaho's 2024 general election ballot;

   b.    Enter an ORDER preliminarily enjoining Defendant's enforcement of §34-708A(1)'s requirement for independent presidential candidates to name their vice-presidential nominees before the date set for political parties to name their vice-presidential nominees;

   c.    Enter an ORDER preliminarily enjoining Defendant's use of the 2024 Petition to the extent that the "Certification" requires petition circulators to certify that they are a resident of the state of Idaho;

   d.    Enter an ORDER declaring §34-708A(1)'s March 15, 2024 deadline for independent presidential and vice-presidential candidates to file their declaration of candidacy and 2024 Petition with Defendant to secure access to Idaho's 2024 general election ballot unconstitutional;

   e.    Enter an ORDER declaring §34-708A(1)'s requirement for independent presidential candidates to name their vice-presidential nominees before the date set for political parties to name their vice-presidential nominees unconstitutional;

   f.    Enter an ORDER declaring Defendant's use of the 2024 Petition to the extent that the "Certification" requires petition circulators to certify that they are a resident of the state of Idaho unconstitutional;

21

g.      Enter an ORDER permanently enjoining Defendant's enforcement of §34-708A(1)'s March 15, 2024 deadline for independent presidential and vice-presidential candidates to file their declaration of candidacy and 2024 Petition with Defendant to secure access to Idaho's 2024 general election ballot;

h.      Enter an ORDER permanently enjoining Defendant's enforcement of §34-708A(1)'s requirement for independent presidential candidates to name their vice-presidential nominees before the date set for political parties to name their vice-presidential nominees;

i.      Enter an ORDER permanently enjoining Defendant's use of the 2024 Petition to the extent that the "Certification" requires petition circulators to certify that they are resident of the state of Idaho;

j.      Award Plaintiff the costs of this action together with their reasonable attorneys' fees and expenses pursuant to 42 U.S.C. §1988;

k.    Retain jurisdiction over this action and grant Plaintiff any such other relief which may, in the determination of this Honorable Court, be necessary and proper.

Respectfully submitted,

Dated:  February 9, 2024

   **/s/ Michael Jacques**
Michael Jacques, Esq.
JACQUES LAW OFFICE, PC
2021 Cleveland Blvd.
Caldwell, ID  83605
(Phone) 208.344.2224
(Fax) 208.287.4300
michael@jacqueslaw.net

   **/s/ Paul A. Rossi**
Paul A. Rossi, Esq.
*Pro Hac Vice* Admission Pending
IMPG ADVOCATES
316 Hill Street
Suite 1020
Mountville, PA  17554
717.961.8978
Paul-Rossi@comcast.net

*Legal Counsel for Plaintiff*